# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

**Richard L. McElroy**,

        Plaintiff,

v.

**Casey Cox**,
**City of Prairie du Chien, Wisconsin**,
**and Does 1-10**

        Defendants.

**CIVIL COMPLAINT**
**JURY TRIAL DEMANDED**

Case No.

## INTRODUCTION

1. Plaintiff Richard McElroy (Plaintiff, McElroy) sues Defendants Casey Cox and City of Prairie du Chien, a political subdivision of the State of Wisconsin, for actions under color of law concerning an unreasonable of Plaintiff's personal property, viz., $320,000 in gold coins, silver, and currency, the illegality of which Plaintiff discovered less than three (3) years ago in the sworn testimony of Police Officer Casey Cox (Defendant Cox; Cox); such unreasonable seizure violated clearly established rights of Plaintiff to be free from unreasonable seizures of his personal property and unlawful taking of his property without just compensation under the Fourth and Fifth Amendments to the United States Constitution, applied to the states through the Fourteenth Amendment, and for which 42 U.S.C. §1983 furnishes legal and equitable remedies.

2. At all times relevant to this lawsuit, the City of Prairie du Chien employed Defendant Cox as a uniformed law enforcement officer.

3. In addition, Plaintiff sues the City of Prairie du Chien, a political subdivision of the State of Wisconsin, for violations of his rights under the Fourth, Fifth,

and Fourteenth Amendments to the United States Constitution for unreasonable seizure and unlawful taking of his personal property without just compensation, for which 42 U.S.C. §1983 and *Monell v. City of New York*, 436 U.S. 658 (1978) furnish remedies for the City of Prairie du Chien's chosen policies that (a) manifest failure to train Defendant Cox; (b) manifest failure to supervise, discipline, control, or assign Defendant Cox; (c) by maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant Cox; (d) by failing to discipline the unconstitutional misconduct of Defendant Cox; and (e) by ratifying the unconstitutional misconduct of Defendant Cox, all of which were substantial and contributing factors in the violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

4. 28 U.S.C. §1331 confers subject matter jurisdiction upon this court for the resolution of a federal question.

5. Plaintiff properly lays venue in this court in accordance with 28 U.S.C. §1391(b) as the actions giving rise to this lawsuit, and the Defendants, are headquartered and located in Crawford County, Western District of the District of Wisconsin, State of Wisconsin.

## PARTIES

6. Plaintiff is an adult individual, residing and domiciled in Crawford County, State of Wisconsin at 521 South Illinois Street, Prairie du Chien, Wisconsin.

7. Defendant Cox is an adult individual, residing and domiciled in Crawford County, Wisconsin.

8. At all times relevant to this action, Defendant Cox acted as a uniformed law enforcement officer in the employment of the City of Prairie du Chien, Wisconsin.

9. At all times relevant to this action, Defendant Cox acted as a uniformed law enforcement officer under color of law.

10. At all times relevant to this action, Defendant Cox is sued in his individual capacity.

11. Defendant City of Prairie du Chien (Prairie du Chien) is a political subdivision of the State of Wisconsin located in Crawford County, Western District of Wisconsin, and State of Wisconsin.

12. At all times relevant to this lawsuit, Prairie du Chien employed Defendant Cox as a law enforcement officer.

13. Plaintiff sues Prairie du Chien for violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for unreasonable seizure and unlawful taking of his personal property without just compensation, for which 42 U.S.C. §1983 and *Monell v. City of New York*, 436 U.S. 658 (1978) furnish remedies for Prairie du Chien's chosen policies that (a) manifest failure to train Defendant Cox; (b) manifest failure to supervise,

discipline, control, or assign Defendant Cox; (c) by maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant Cox; (d) by failing to discipline the unconstitutional misconduct of Defendant Cox; and (e) by ratifying the unconstitutional misconduct of Defendant Cox, all of which were substantial and contributing factors in the violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

14. The true names of defendants Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff alleges that Does 1-10 may be liable to Plaintiff for the acts, omissions, and damages alleged in this action. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.

15. At all relevant times, Defendant Cox and Does 1-10 were duly authorized employees and agents of the City of Prairie du Chien, who were acting under color of law within the course and scope of their respective duties as police officers or managerial employees and with the complete authority and ratification of their principals.

16. At all relevant times, Defendant Cox and Does 1-10 were duly appointed officers and/or employees or agents of the City of Prairie du Chien, subject to oversight and supervision by their elected and non-elected officials.

**FACTS COMMON TO ALL CLAIMS**

17. Plaintiff realleges and reasserts each and every claim and averment above, in ¶¶1-16, and reasserts them below.

18. On or about July 2019, Defendant Cox and Does 1-10 entered Plaintiff's residence in connection with "a Human Services matter", according to the sworn testimony of Defendant Cox on 8 September 2021. Transcript of Hearing, *State v. McElroy,* 2021CF000087 and 2021CF000047 (Wis. Crawford County, Sept. 8, 2024), pp. 15:20-25 and 18:23-19:21.

19. Defendant Cox sought access to a safe in Plaintiff's residence.

20. Defendant Cox failed to gain access to the safe to Defendant Cox in the described July 2019 "Human Services matter".

21. On 8 September 2021, Defendant Cox admitted under oath that he had no idea whether the safe had cash, silver, or gold coins inside.

22. 8 September 2021 marked the first date on which Plaintiff discovered that Defendant Cox admitted that he had no knowledge of the contents or the importance of the contents of his safe on or about July 2019.

23. The safe contained no fewer than ten gold coins valued at $25,000 apiece.

24. Plaintiff denied access to the safe to Defendant Cox and Does 1-10.

25. On 8 September 2021, in open court under oath, Defendant Cox admitted that he accessed the safe on July 20, 2021.

26. On 8 September 2021, Plaintiff, notwithstanding his previous diligent efforts to discover the unconstitutional, wrongful, and unlawful nature of Defendant Cox's conduct.

27. On 8 September 2021, Defendant Cox admitted that he found no fewer than ten (10) gold coins in Plaintiff's safe. Transcript, *supra*, pp. 11:12-25—12:1.

28. The coins are valued at $25,000 apiece.

29. Plaintiff received the gold coins as an inheritance from his uncle.

30. Defendant Cox had actual knowledge that the Plaintiff claimed the coins as a gift.

31. Defendant Cox had no contradictory or superseding evidence that the gold coins had any provenance other than an inheritance or gift to the Plaintiff. Transcript p. 17:13-16.

32. Defendant Cox had no evidence to indicate that the gold coins were proceeds from unlawful activities. *Id*. at 17:13-18:25.

33. Defendant Cox admitted that he recorded his conversation with Plaintiff on his body camera.

34. Defendant Cox admitted that Ms. Kimpel corroborated that the gold was an inheritance for Plaintiff. *Id*.

35. Defendant Cox admitted that he failed to record his questioning of Ms. Kimpel relating to the gold coins.

36. Defendant Cox took the gold coins.

37. Defendant Cox took the gold coins from Plaintiff without his consent, without lawful authority, and with intentional, conscious, or deliberate disregard to Plaintiff's right of possession of these gold coins, valued no less than $250,000,

that were lawfully the Plaintiff's as a gift from a relative, specifically, an uncle of his.

38. Defendant Cox took the gold coins under color of law as a City of Prairie du Chien police officer.

39. Plaintiff discovered (a) the admission of Defendant Cox's unlawful seizure of his gold coins, and (b) Defendant Cox's admission that he had actual knowledge that the gold coins were Plaintiff's inheritance, no earlier than 8 September 2021, when Defendant Cox admitted his seizure of the gold coins under oath – without Plaintiff's consent, without lawful authority, and with knowledge that the gold coins were Plaintiff's inheritance.

40. Plaintiff discovered on 8 September 2021 that Defendant Cox admitted that he had knowledge that the gold coins were Plaintiff's inheritance.

41. Plaintiff discovered on 8 September 2021, in Defendant Cox's testimony, that Defendant Cox knew he had no evidence to refute Plaintiff's claim that the gold coins were his inheritance, that is, a gift from his uncle, and Defendant Cox took the coins from Plaintiff anyway.

42. On 12 January 2023, Plaintiff pleaded no contest to one charge of violation of Wis. Stat. § 961.41(1m)(a) (intent/deliver narcotics).

43. Plaintiff was sentenced on 18 January 2023 to 5 years probation and six months jail with Huber release.

44. All other counts were dismissed and read in.

45. Plaintiff was not required to forfeit the gold coins which Defendant Cox seized as a sentencing condition.

## CLAIM I:
**U.S. Const. Amendment IV and XIV, Protected Through 42 U.S.C. § 1983 (against Defendants Cox and Does 1-10)**

46. Plaintiff realleges and reasserts each and every claim and averment above in ¶¶1-45.

47. Defendant Casey Cox and Does 1-10 acting under color of law *in their individual capacities* as employees of the City of Prairie du Chien, Wisconsin, violated Plaintiff Richard McElroy's clearly established right to be free from unreasonable seizures of his effects, specifically, his gold coins valued at $250,000 and given to him as a gift from his family.

48. Defendant Cox and Does 1-10 failed to return the gold coins to the Plaintiff.

49. Defendant Cox and Does 1-10 inflicted special damages upon Plaintiff of $250,000, the value of Plaintiff's no fewer than ten (10) gold coins.

50. Defendant Cox and Does 1-10 inflicted non-economic damages of humiliation and emotional distress in his unlawful seizure of the gold coins that were Plaintiff's family inheritance, in excess of $75,000, or such sum as a jury may award.

51. Defendant Cox and Does 1-10, with intentional, actual, deliberate, or reckless disregard of Plaintiff's right to be free from unreasonable seizures of his effects, namely, his gold coins, merits the award of punitive damages to deter future misconduct by Defendant Cox or other law enforcement officer(s), and to hold

Defendant Cox accountable under the law for his unconstitutional, unreasonable seizure and failure to return, the Plaintiff's gold coins.

52. Plaintiff brings this claim and seeks all available remedies under state and federal law.

53. Plaintiff also seeks attorney fees under 42 U.S.C. § 1988.

## CLAIM II:
### U.S. Const. Amendment V and XIV, Protected Through 42 U.S.C. § 1983
### (against Defendants Cox and Does 1-10)

54. Plaintiff realleges and reasserts each and every claim and averment from ¶¶1-53 above.

55. Defendant Cox and Does 1-10, in their individual capacities, acting under color of law illegally (a) took Plaintiff's property, specifically, his $250,000 in gold coins; (b) failed to return the coins to the Plaintiff; and (c) failed to return the coins to the Plaintiff without just compensation for the same, in violation of Plaintiff's clearly established Fifth Amendment rights, protected through the Fourteenth Amendment and for which 42 U.S.C. §1983 provides legal and equitable remedies, to be free from unlawful seizure of his property by individuals acting under color of law, without just compensation paid for said seizure of property.

56. Defendant Cox and Does 1-10 failed to return the gold coins to the Plaintiff.

57. Defendant Cox and Does 1-10 inflicted special damages upon Plaintiff of $250,000, the value of Plaintiff's no fewer than ten (10) gold coins.

58. Defendant Cox and Does 1-10 inflicted non-economic damages of humiliation and emotional distress in his unlawful seizure of the gold coins that were Plaintiff's family inheritance, in excess of $75,000, or such sum as a jury may award.

59. Defendant Cox and Does 1-10, acted with intentional, actual, deliberate, or reckless disregard of Plaintiff's right to be free from unreasonable seizures of his effects, namely, his gold coins, merits the award of punitive damages in excess of $250,000, or such sum as a jury may award, to deter future misconduct by Defendant Cox and Does 1-10 or other law enforcement officer(s), and to hold Defendant Cox and Does 1-10 accountable under the law for his unconstitutional, unreasonable seizure and failure to return, the Plaintiff's gold coins.

60. Plaintiff brings this claim and seeks all available remedies under state and federal law.

61. Plaintiff also seeks attorney fees under 42 U.S.C. § 1988.

### CLAIM III:
### *MONELL* Liability
### (Against Defendant City of Prairie Du Chien, Wisconsin)

62. Plaintiff realleges and reasserts each and every claim and averment in ¶¶1-61 above.

63. Defendant Prairie du Chien, Wisconsin is liable to Plaintiff on account of its systemic failure to train its police officers including Defendant Cox and Does 1-10 in (a) refraining from unreasonable seizures without consent or lawful

authority of Plaintiff's effects, specifically, his gold coins; and (b) refraining from unreasonable seizure of Plaintiff without probable cause, where such willful, indifferent training failure directly and substantially led to the violation of Plaintiff's Fourth and Fifth Amendment rights by Defendant Cox and Does 1-10.

64. Defendant Prairie du Chien is liable to Plaintiff on account of its systemic failure to conduct meaningful investigations of police misconduct, so as to embolden its officers to act in deliberate, conscious, or willful disregard of individuals' clearly established Fourth, Fifth, and Fourteenth Amendment rights to be free from unreasonable seizure and unlawful taking of Plaintiff's personal property without just compensation, where such systemic failure to conduct meaningful investigation of police misconduct -- or to hold officers accountable for misconduct -- was a direct, substantial, motivating, and significant cause of Individual Defendants' violation of Plaintiff's clearly established Fourth, Fifth, and Fourteenth Amendment rights.

65. Defendant Prairie du Chien is liable to Plaintiff on account of its policy, procedure, or custom whereby it explicitly and/or implicitly allowed officers to steal valuable items from the homes of the general public.

66. Defendant Prairie du Chien is liable to Plaintiff on account of its policy, procedure, or custom whereby it did not require officers to catalogue all of the items seized pursuant to a search, or allowed officers to catalogue valuable property by themselves.

67. The policies, practices, and customs of Defendant Prairie du Chien were directly responsible for the constitutional violations that Plaintiff suffered at the hands of the individual defendants.

68. Defendant City of Prairie du Chien, Wisconsin inflicted damages upon Plaintiff, in excess of $75,000, or such sum as the jury shall award.

69. Plaintiff realleges and reasserts each and every claim and averment in ¶¶1-68 above.

70. Plaintiff brings this claim and seeks all available remedies under state and federal law.

71. Plaintiff also seeks attorney fees under 42 U.S.C. § 1988.

**WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

72. Entry of judgment against the Defendants, jointly and severally;

73. General damages against each and every Defendant, jointly and severally, in excess of seventy-five thousand dollars (>$75,000), or such sum as the jury shall award;

74. Special damages against each and every Defendant, jointly and severally;

75. Punitive damages in excess of seventy-five thousand dollars (>$75,000) against Defendant Cox, or such sum to be determined by the jury;

76. Prejudgment interest;

77. Postjudgment interest;

78. Costs and disbursements in accordance with law;

79. Reasonable attorney fees against each and every defendant, jointly and severally, in accordance with 42 U.S.C. § 1988; and

80. All other legal, equitable, or declaratory relief against the defendants, jointly and severally, appropriate under the circumstances.

Dated September 7, 2024.

                                                Frederick Melms
                                                Attorney for Plaintiff

By: _____
     Frederick B. Melms
     Melms Law
     Bar no. 1093957
     Frederick@melmslaw.com
     555 W Brown Deer Rd
     UNIT 200,
     Bayside, WI 53217
     715-892-3023

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated September 7, 2024.                       Frederick Melms
                                                                Attorney for Plaintiff

By: _____
     Frederick B. Melms
     Bar no. 1093957
     Melms Law
     Frederick@melmslaw.com
     555 W Brown Deer Rd
     UNIT 200,
     Bayside, WI 53217
     715-892-3023