IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD L. MCELROY,

                Plaintiff,

v.                                                   OPINION and ORDER

CASEY COX                                        24-cv-631-amb
and CITY OF PRARIE DU CHIEN,

                Defendants.

---

Plaintiff Richard L. McElroy initiated this civil lawsuit, alleging that defendants, an officer with the City of Prairie du Chien and the City itself, violated his constitutional rights. Specifically, he alleges that defendants unlawfully seized gold coins from his home when they executed a search warrant there in July 2021 and unlawfully retained those coins after. Dkt. 2, ¶¶ 36-38 ("Defendant Cox took the gold coins. Defendant Cox took the gold coins from Plaintiff without his consent."). He brought claims under Section 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments. *Id.*, ¶¶ 46-61.

Defendants move to dismiss, arguing the statute of limitations had run. Dkt. 8. In response, plaintiff argues he hadn't discovered his injury until September 2022 at the earliest, and thus the statute of limitations had not run until September 2025, months after the filing of his complaint. Dkt. 13 at 1, 10. In support of his argument, plaintiff submitted exhibits, one of which causes the court to question the very foundation of this lawsuit. Plaintiff himself characterizes the exhibit as a "copy of the United States Department of Justice Claim Form filed by Plaintiff requesting the return of the $326,740.00 seized by Defendants from his residence on July 20, 2021." Dkt. 14, ¶ 6. The form is signed under penalty of perjury by plaintiff and attests:

> Police obtained a search warrant, and took cash form [sic] my safe, ***but left the gold***, silver, and $25,000.00 in cash, in sequential bills as part of a collect that my uncle had. Police only seized items that typically drug users used to pay for drugs. Officer testified in court that drug users don't buy drugs with gold, silver, or sequential bills, so they left those there. They left over $1 million in valuables in my safe, and only took cash as a suspicion.

Dkt. 14-4 at 4 (emphasis added).

This sworn statement directly contradicts the allegations in the complaint. In light of this statement, the court ORDERS plaintiff to show cause as to how this lawsuit can be maintained in good faith. Plaintiff's response is due one week from the date of this order. Defendants may file a reply one week from then. Meanwhile, out of consideration for the parties and the court's resources, this case is STAYED in its entirety until further notice.

## ORDER

IT IS ORDERED that:

1. Plaintiff must SHOW CAUSE by April 4, 2025, how this lawsuit can be maintained in good faith in light of his sworn testimony on his United States Department of Justice claim form. Defendants' reply is due by April 11, 2025.

2. This case is STAYED until further order of the court.

Entered March 28, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge