IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD L. MCELROY,

            Plaintiff,

  v.                                                 OPINION and ORDER

CASEY COX                                            24-cv-631-amb
and CITY OF PRAIRIE DU CHIEN,

            Defendants.

---

       Plaintiff Richard L. McElroy alleges that defendant Prairie du Chien police officer Casey Cox seized gold coins from a safe during a July 2021 search of plaintiff's residence and failed to return the coins or justly compensate him for them in violation of his Fourth and Fifth Amendment rights. Dkt. 2, ¶¶ 46–61. McElroy also brings a claim under the theory of liability recognized in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) against defendant City of Prairie du Chien for a failure to train its officers, meaningfully investigate police misconduct, and for a policy or custom that did not require officers to catalogue all items seized pursuant to a search. *Id.*, ¶¶ 62–71.

       The court stayed this case out of consideration for the parties' and the court's resources while it considers the parties' filings. Dkt. 22 at 2. Before the court is defendants' motion to dismiss plaintiff's claims as barred by the applicable three-year statute of limitations.[1] Dkt. 8.

---

[1] In support of their motion, defendants submitted the transcript of the September 8, 2021 preliminary hearing held in McElroy's state prosecution. Dkt. 10. In opposition, defendants submitted the same transcript as well as police reports, state court docket information, a United States Department of Justice claim form, and an email. Dkt. 14. Motions to dismiss brought under Rule 12(b)(6) typically cannot include materials outside the pleadings. *Flores v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 103 F. Supp. 3d 943, 948 (N.D. Ill. 2015) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)). Nonetheless, the court can consider exhibits referred to in the complaint and central to plaintiff's claims. *Esco v. City of Chi.*, 107 F.4th 673,

Also before the court is plaintiff's response to the court's order to show cause how this lawsuit can be maintained in good faith in light of a sworn statement plaintiff made on a United States Department of Justice claim form that contradicts his key allegation that police took the gold coins. Dkt. 23. Finally, defendants have filed a motion for sanctions under Federal Rule of Civil Procedure 11. Dkt. 27.

For the following reasons, the court GRANTS defendants' motion to dismiss as to McElroy's Fourth Amendment claim, DENIES the motion without prejudice as to the remaining claims, discharges its show cause order, DENIES without prejudice defendants' request for sanctions, and maintains the stay pending the Court of Appeals for the Seventh Circuit's opinion in *Hadley v. City of South Bend, Indiana, et al.*, case no. 24-448.

## JURISDICTION

The parties have consented to jurisdiction by a United States Magistrate Judge. Dkt. 16. The court has original jurisdiction over plaintiff's claims because they arise under federal law, 28 U.S.C. § 1331.

---

678–79 (7th Cir. 2024). Because the preliminary hearing is referenced in plaintiff's complaint and central to his claim, the court will consider the hearing transcript for purposes of deciding defendants' motion to dismiss. But the other materials are not directly referenced in the complaint, so the court cannot and will not consider them for that purpose.

ALLEGATIONS OF FACT[2]

Richard McElroy lives in Prairie du Chien, Wisconsin, where defendant Casey Cox served as a police officer.[3] In July 2019, Officer Cox was involved in an investigation at McElroy's home and learned that McElroy had a safe that he did not let the officer open.

About a year later, on July 20, 2021, Officer Cox and several other officers executed a search warrant at McElroy's home based on information that he was involved in dealing narcotics. Officer Cox searched McElroy's safe and testified at McElroy's preliminary hearing on September 8, 2021 that he found prescription pills, six mason jars filled with a green, leafy substance, mason jars full of change, ammo cans filled with U.S. currency, and a cardboard container of at least ten gold coins worth $25,000 each. During the search, McElroy told Officer Cox that he inherited the gold coins from his uncle, and his girlfriend corroborated this statement. Officers seized the cash from the safe on the theory that it was drug proceeds, and Officer Cox testified to that seizure, but he also testified that he left the gold coins.

McElroy filed suit in this court over three years later. He now alleges that officers wrongly took the gold coins during the search, but that he did not realize they had done so until later, no earlier than the preliminary hearing. He alleges that the gold coins have yet to be returned to him.

---

[2] Unless otherwise indicated, the facts in this section are taken from the allegations in plaintiff's complaint, Dkt. 2, and from the transcript of plaintiff's 2021 preliminary hearing in a state court criminal matter referenced throughout the complaint, Dkt. 10-1, and treated as true for purposes of deciding defendants' motion to dismiss.

[3] McElroy's complaint also includes defendant Does 1-10 in the caption, and alleges that they "may be liable to Plaintiff for the acts, omissions, and damages alleged in this action." Dkt. 2, ¶ 14. To date, these placeholder Doe defendants have not been identified or served, and there are no specific allegations concerning them beyond that these Does were in McElroy's home along with Officer Cox. *See id.*, ¶ 24.

ANALYSIS

**A. Defendants' motion to dismiss**

McElroy brings Fourth and Fifth Amendment claims against Officer Cox and a *Monell* claim against the City of Prairie du Chien. Defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). In general, the question is whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants argue that the claims are barred by the statute of limitations. That affirmative defense may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy it. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quotation marks omitted). Wisconsin law governs the statute of limitations period for federal civil rights actions brought under 42 U.S.C. § 1983. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). For alleged constitutional injuries that occurred after April 5, 2018, the statute of limitations is three years. *Id.* (citing Wis. Stat. § 893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018)). If a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground under Rule 12(b)(6). *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Although Wisconsin's limitations period applies, federal law governs when plaintiff's claim accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Generally, a claim accrues from the date the plaintiff knew or should have known that he sustained an injury. *Barry Aviation Inc. v. Land O'Lakes Muni. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). However, "[t]here is no single accrual rule for all § 1983 claims." *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013).

### 1. This lawsuit was filed on September 7, 2024

As a threshold matter, the parties dispute the filling date of this lawsuit. McElroy filed his initial complaint on September 7, 2024, but this document was unsigned. He then filed an identical complaint on September 10, 2024 that was signed. These three days matter to the analysis because defendants argue that McElroy knew or should have discovered the alleged constitutional violations before the September 8, 2021 preliminary hearing. And if defendants are right about that, his claim began to accrue no later than September 8, 2021, making the whole of his September 10, 2024 complaint time barred.

Plaintiff points to the filing date of the initial complaint—September 7, 2024. Defendants argue this complaint was a legal nullity because it was not signed, but the court cannot accept this position. Rule 11(a) requires the court to strike an unsigned filing "unless the omission is promptly corrected after being called to the attorney's or party's attention." Here, McElroy promptly cured the defect by filing a signed complaint unprompted by the court within three days. The court therefore accepts this lawsuit as filed on September 7, 2024. *Marcure v. Lynn*, 992 F.3d 625, 628 (7th Cir. 2021) (courts have discretion not to strike under Rule 11(a) when the party promptly corrects its omission).

### 2. McElroy's Fourth Amendment claim must be dismissed

McElroy's Fourth Amendment unlawful seizure claim must be dismissed as time barred. But before diving into the statute of limitations for this claim, the court must first say a few words about the claim itself.

McElroy does not challenge the search warrant as invalid or allege that Officer Cox or any other officer searched a location not described with particularity in the warrant. *Fosnight v. Jones*, 41 F.4th 916, 922–923 (7th Cir. 2022). Rather, McElroy alleges that Officer Cox

5

knew the gold coins in the safe were an inheritance or a gift, as opposed to proceeds from illegal activities, but took the coins anyway. Dkt. 2, ¶¶ 30–37. Essentially, he alleges that officers seized items outside the scope of the search warrant, which could give rise to a Fourth Amendment claim. *See United States v. Mann*, 592 F.3d 779, 782 (7th Cir. 2010) (a warrant must describe the things to be seized with enough particularity "to prevent a general exploratory rummaging through one's belongings"); *see also Brindley v. Best*, 192 F.3d 525, 531 (6th Cir. 1999) (qualified immunity is not warranted where officers seize items outside the scope of search warrant). This is the theory set forth in the complaint.

But McElory's position on the seizure has evolved from his pleading. McElroy now states in his opposition brief that the initial seizure of the gold coins was "reasonable" because the seizure was pursuant to a valid warrant, suggesting no Fourth Amendment violation, but that the coins were "reseized" at a later unknown time for defendants' "own purposes," suggesting a conversion or theft theory.[4] Dkt. 13 at 14. McElroy cannot amend his complaint through his briefing—he must file for leave to amend to clarify his allegations and claims, *see Anderson v. Donahoe*, 699 F.3d 989, 998 (7th Cir. 2012) (holding that a plaintiff cannot amend his complaint through arguments in his brief to a motion for summary judgment), and the court is not persuaded he could do that without directly contradicting his earlier allegations,

---

[4] The court does not opine on whether McElroy may pursue any related state law claims, such as conversion or civil theft, subject to applicable statutes of limitation. The elements of conversion are: (1) intentional control or taking of property belonging to another, (2) without the owner's consent, (3) resulting in serious interference with the rights of the owner to possess the property. *H.A. Friend & Co. v. Professional Stationary, Inc.*, 2006 WI App 141, ¶ 11, 294 Wis. 2d 754, 763, 720 N.W.2d 96, 100. And under Wis. Stat. § 895.446(1), a person may bring a civil action against someone who violated the criminal theft statute, Wis. Stat. § 943.20. Without any viable related federal claims, there would be no basis for this court's jurisdiction over such state-law claims in this case. *See* 28 U.S.C. §§ 1331 (federal questions jurisdiction) & 1332 (diversity jurisdiction).

*see Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 480 (7th Cir. 2012) ("Although [plaintiff] advanced a new chronology in his response brief, the district court correctly disregarded that chronology because it differs from the account he pleaded, and he may not amend his complaint through the filing of a response brief.").

With this settled, the court turns to the statute of limitations. The accrual analysis for this claim is fairly simple because it turns on the date of the search. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) ("A Fourth Amendment claim accrues at the time of the search or seizure."). Here, the complaint alleges that the search happened on July 20, 2021, meaning the three-year statute of limitations for any related Fourth Amendment claim ran up to and through July 20, 2024. Even giving McElory the earlier September 7, 2024 filing date, his Fourth Amendment claim is time barred.

McElroy alleges that he did not become aware of Officer Cox's unlawful conduct until the September 8, 2021 preliminary hearing. But Officer Cox searched McElory's safe with his knowledge on July 20, 2021. Publicly available state court records show that McElroy was released on bail the day after the search,[5] at which point he knew or should have known that the gold coins were no longer in his safe. This lawsuit was filed more than three years later, so this claim is time barred, and any amendments would be futile. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted).

---

[5] The court takes judicial notice of the online public docket entries for July 21, 2021 in Crawford County Case No. 2021CF87 available via Wisconsin Circuit Court Access at https://wcca.wicourts.gov/case.html. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (district courts may take judicial notice of public court documents and proceedings when deciding a Rule 12(b)(6) motion).

### 3. The viability of McElroy's Fifth Amendment claim is uncertain

McElroy also alleges that Officer Cox retained the gold coins without just compensation in violation of his Fifth Amendment rights, but the viability of this claim depends on the Seventh Circuit's forthcoming opinion in *Hadley v. City of South Bend, Indiana, et al.*, case no. 24-448.

The Fifth Amendment's takings clause, applied to the states through the Fourteenth Amendment, *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021), states that "private property [cannot] be taken for public use, without just compensation." U.S. Const. amend. V. In the clause's simplest application, the government commits a taking when it uses its power of eminent domain to acquire property. *See Cedar Point*, 594 U.S. at 147. The appropriation of real or personal property still requires compensation even if title is not taken. *Id.*

This claim is not time barred. A Fifth Amendment takings claim "accrues only when the government refuses to pay" because the Fifth Amendment prohibits "takings *without just compensation*." *Kolton v. Frerichs*, 869 F.3d 532, 535 (7th Cir. 2017) (emphasis added). As noted above, Officer Cox testified at the preliminary hearing on September 8, 2021 that he saw coins in the safe, was told that they were an inheritance, and did not take them. This disavowal of seizure, combined with McElroy's preexisting knowledge that the coins were not in his safe, reasonably would have raised suspicion that the coins would not be returned in due course by law enforcement. This lawsuit was filed on September 7, 2024, one day shy of three years later, and is therefore not time barred.

Even so, this claim may not be viable depending on how the Seventh Circuit rules in *Hadley*. McElroy alleges that the gold coins were taken pursuant to a warrant under the state's police power. The parties do not address the issue, but the Seventh Circuit has explained that

8

"the Takings Clause does not apply when property is retained or damaged as a result of the government's exercise of its authority pursuant to some power other than the power of eminent domain." *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 336 (7th Cir. 2006); *see also Woods v. Milwaukee Cnty. Dist. Attorney's Off.*, No. 20-CV-1118-PP, 2020 WL 7231080, at *4 (E.D. Wis. Dec. 8, 2020) (plaintiff alleged seizure of items unconnected to any illegal activity, but "[b]ecause Detective Keck seized the plaintiff's backpack and money incident to execution of a lawful search warrant, the plaintiff has no claim under the Takings Clause.").

Whether *Johnson* remains good law is currently under consideration by the Seventh Circuit in *Hadley*. There, a SWAT team raided and damaged the wrong home while looking for a fugitive and Hadley asserted, among other claims, a takings claim under the Fifth and Fourteenth Amendments seeking compensation. *Hadley*, Case no. 24-2448, Dkt. 11 at 5–8 (7th Cir. 2024). The district court dismissed the takings claim, reasoning that it was foreclosed by *Johnson* and Hadley has appealed that ruling. *Id.* at 8. The defendants-appellees assert that *Johnson* exempts them from paying Hadley any damages, while Hadley argues that *Johnson* should be overruled. That Seventh Circuit heard oral argument on February 26, 2025, and its opinion remains pending.

The outcome of *Hadley* is likely to affect the viability of McElroy's remaining takings claim, related *Monell* claim,[6] and thus this case. Because the ruling in *Hadley* could resolve the remainder of this case in its entirety, the court will continue the stay out of concern for the parties' resources. The parties must file a status report with the court a week after the ruling

---

[6] McElroy also alleges a *Monell* claim against defendant City of Prairie du Chien, but the city "cannot be liable under *Monell* when there is no underlying constitutional violation." *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010).

in *Hadley* issues. The court will then hold a telephonic status conference with the parties to discuss whether to lift the stay and how this case will proceed. Meanwhile, the court DENIES defendants' motion to dismiss as to the Fifth Amendment claims without prejudice to its renewal after the Seventh Circuit issues its decision.

## B. The court's show cause order is discharged

The court discharges its show cause order given the lenient standard applicable at the motion-to-dismiss stage. On March 31, 2025, the court stayed this case and ordered McElroy to show cause how he can maintain his lawsuit against defendants for taking his gold coins in good faith in light of a prior sworn statement that he made to the United States Department of Justice in which he averred that police "left the gold" in his safe and "took only the cash." Dkt. 14-4 at 4. McElroy submitted the statement, made on a claim form, as an exhibit to his brief in opposition to the motion to dismiss, and defendants raised the issue in their reply brief, prompting the court's show cause order.

In response, McElroy attests that he did not understand his statement to the Department of Justice to imply that defendants "only seized the cash and nothing else," and that police had left behind additional "cash, gold, silver, and various other valuables." Dkt. 24, ¶¶ 5, 6, 8. He argues that his Department of Justice statement is not a "judicial admission," so dismissal based on the statement would be premature. Dkt. 23 at 2. McElroy's purpose for making the statement aside, he made a sworn statement that unequivocally states police "took only the cash" and "left the gold," which is in keeping with Officer Cox' hearing testimony that he did not take the gold. Dkt. 14-4 at 4. And yet, McElroy now alleges that Officer Cox took his gold coins.

Whether McElroy can square this circle is a question for another day. Defendants want to dispose of this case now, arguing that it is frivolous and that McElroy was aware of the defects in the complaint before the court issued its order to show cause.[7] But McElroy makes a fair point about timing and the overall posture. The court will not make a credibility determination at the motion-to-dismiss stage from the face of an affidavit. In light of the current record, however, the court will entertain setting a deadline for an early, issue-specific summary judgment deadline when it lifts the stay.

## C. Defendants' motion for sanctions

Finally, defendants filed a motion for sanctions under Rule 11 after this case was stayed. Dkt. 27. Rule 11 is meant to deter frivolous filings, and a court has broad discretion in imposing a sanction that it believes will serve that purpose. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Defendants repeat much of what they said in reply to McElroy's response to the court's show cause order—i.e., that McElroy and his attorney continue to pursue a frivolous lawsuit without supporting evidence, and that counsel failed to conduct a good faith investigation before filing the complaint. The motion addresses only McElroy's Fourth Amendment claim, *see* Dkt. 28 at 2 & 6, which is dismissed for the reasons stated above. Even so, the court has stated the evident deficiencies in McElory's case, and will DENY the motion for sanctions as moot and without prejudice. Should the Seventh Circuit's *Hadley*

---

[7] Defendants also ask the court to disregard McElroy's response to the show cause order as untimely. Dkt. 25 at 2–3. Indeed, McElroy's response was filed the Monday after it was due, *see* Dkt. 22 & Dkt. 23, without any explanation for the delay. But defendants do not explain how the weekend delay was prejudicial, particularly in light of the fact that that case is stayed, so the court has considered the parties' response and reply to its show cause order.

decision allow the Fifth Amendment claim to proceed, defendants may renew their request for sanctions after the stay has lifted.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 8, is GRANTED in part and DENIED in part as described in this order.

2. Defendants' motion for sanctions, Dkt. 27, is DENIED without prejudice.

3. The court DISCHARGES its show cause order, Dkt. 22.

4. The parties are ORDERED to file a status report within one week of the Court of Appeals for the Seventh Circuit issuing its opinion in *Hadley v. City of South Bend, Indiana, et al.*, case no. 24-448, at which time the court will set a telephonic status conference to discuss how this case will proceed in light of the ruling.

5. This case remains STAYED pending further order of the court.

Entered May 27, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge