IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD L. MCELROY,

                    Plaintiff,

    v.                                                                                OPINION and ORDER

CASEY COX                                                                    24-cv-631-amb
and CITY OF PRARIE DU CHIEN,

                  Defendants.

---

Plaintiff Richard L. McElroy claims that defendant Prairie du Chien police officer Casey Cox seized gold coins during a July 2021 search of plaintiff's residence and failed to return the coins or justly compensate him for them, in violation of his Fourth and Fifth Amendment rights. Dkt. 2, ¶¶ 46–61. McElroy also brought a claim under the theory of liability recognized in *Monell v. Department of Social Service of City of New York*, 436 U.S. 568 (1978) against defendant City of Prairie du Chien for a failure to train its officers, meaningfully investigate police misconduct, and for a policy or custom that did not require officers to catalogue all items seized pursuant to a search. *Id.*, ¶¶ 62–71.

The court granted defendants' motion to dismiss as to McElroy's Fourth Amendment claim, denied the motion without prejudice as to the remaining claims, and stayed the proceedings until the Seventh Circuit decided *Hadley v. City of South Bend*, 154 F.4th 549 (7th Cir. 2025). Dkt. 30. Following the decision, the court held a telephonic status conference on October 21, 2025, at which McElroy admitted that *Hadley* foreclosed his Fifth Amendment claim but sought leave to amend the complaint. Dkt. 32.

Before the court is McElroy's motion to file a first amended complaint. Dkt. 35. He seeks leave to add two Fourteenth Amendment claims, to revise his *Monell* claim to fall under

the Fourteenth Amendment, and to name five newly identified police officers, Ashley Erickson, Jeremy Cliff, Travis Strnad, Tara Henry, and Gerald D. Tippery, as defendants.

For the following reasons the court DENIES McElroy's motion to file a first amended complaint, Dkt. 35, and GRANTS defendants' request to dismiss this case with prejudice, Dkt. 8.

## JURISDICTION

The parties have consented to jurisdiction by a United States Magistrate Judge. Dkt. 16.  The court has original jurisdiction over plaintiff's claims because they arise under federal law, 28 U.S.C. § 1331.

## ALLEGATIONS OF FACT[1]

Most of the allegations contained in the proposed first amended complaint are the same as those in the original complaint, which is the current operative pleading.  Dkt. 2.  The court will discuss the relevant differences below.

Richard McElroy lives in Prairie du Chien, Wisconsin, where Casey Cox, Ashley Erickson, Jeremy Cliff, Travis Strnad, Tara Henry, and Gerald D. Tippery served as police

---

[1] The facts in this section are taken from the allegations in plaintiff's original complaint, Dkt. 2, from plaintiff's proposed first amended complaint, Dkt. 37, and from the transcript of plaintiff's 2021 preliminary hearing in a state court criminal matter reference throughout the complaint, Dkt. 10-1, and treated as true for purposes of deciding plaintiffs' motion for leave to file a first amendment complaint.  Courts evaluate a proposed amended complaint under the same standard as a Rule 12(b)(6) motion and accept well-pleaded factual allegations as true.  *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

officers.[2]  In July 2019, Officer Cox was involved in an investigation at McElroy's home and learned that McElory had a safe that he did not let the officer open.

About a year later, on July 20, 2021, Officers Cox and several other officers executed a search warrant at McElroy's home.  Officer Cox searched McElroy's safe and later testified at a preliminary hearing in McElroy's state criminal case on September 8, 2021.  During the search, McElroy told Officer Cox that he inherited the gold coins from his uncle, and his girlfriend corroborated this statement.  Officers seized the cash from the safe, and Officer Cox testified to that seizure, but he also testified that he left the gold coins.

McElroy filed suit in this court in September 2024, and defendants filed a motion to dismiss.  The court granted the motion as to plaintiff's Fourth Amendment claim, and McElroy subsequently withdrew his Fifth Amendment claim.  He now moves for leave to file a first amended complaint, Dkt. 35, alleging that officers lawfully seized the gold coins during the search, but sometime after the search, the officers unlawfully reseized the coins and converted them for their personal use.  He alleges that the gold coins were not entered into evidence and have yet to be returned to him.

The proposed amendment now asserts claims under the Fourteenth Amendment, with the following changes to the factual allegations:

- Does 1–5 are identified as Officers Ashley Erickson, Jeremy Cliff, Travis Strnad, Tara Henry, and Gerald D. Tippery.  Dkt. 37, ¶ 28.

---

[2] McElroy's proposed amended complaint also includes defendant Does 5-10 in the caption and alleges that they "may be liable to Plaintiff for the acts, omissions, and damages alleged in this action."  Dkt. 37.  To date, these placeholder Doe defendants have not been identified or served, and there are no specific allegations concerning them beyond that these Does were in McElroy's home along with Officers Cox, Erickson, Cliff, Strnad, Henry, and Tippery.  *See id.*, ¶ 2.

- The contents of the safe searched by the officers included over $326,000 in cash stored in ammunition cans, at least 10 gold coins, thousands of silver coins, prescription medications, synthetic marijuana, and other assorted valuables and contraband, with an alleged value of over $1,000,000. *Id.*, ¶¶ 31–40.

- Officers Cox, Erickson, and Cliff were responsible for searching and seizing the contents of the safe and various pieces of McElroy's property from the basement, while officers Strnad, Henry, and Tippery searched and seized property from the main floor. *Id.*, ¶¶ 33–35.

- Officers Cox, Erickson, and Henry processed the seized property. *Id.*, ¶ 38.

- Items seized and processed from the safe constituted at least ten 10-ounce gold coins, valued at approximately $25,000 each, ammo cans full of silver, a collection of two-dollar bills, and a significant quantity of contraband. *Id.*, ¶ 39.

- In September of 2022, McElory received an inventory log written and signed by Detective Erickson that cataloged the items seized on July 29, 2021. *Id.*, ¶ 48.

- The evidence log was incomplete and did not list the ten 10-ounce gold coins that were seized from his safe during the search, nor did it list the silver coins seized by Officer Cliff from the basement during the search, or the two-dollar bills which Officer Cox testified he seized from McElroy's safe during the search. *Id.*, ¶ 49.

- The evidence log included the six ammo cans containing cash, but that entry appears to have been altered. *Id.*, ¶ 50.

- McElroy's defense counsel repeatedly communicated with the Crawford County District Attorney's Office regarding the evidence log and missing gold coins. *Id.*, ¶¶ 50–54.

- Sometime during late fall of 2022, McElroy and his defense attorney concluded that the gold coins were not in evidence and would never be recovered. *Id.*, ¶ 55.

- Because McElroy did not know the location of the coins, or who was exercising control over them, there were no state law remedies available to him. *Id.*

- McElroy never had a hearing on the seizure of his gold coins, and no court ordered a forfeiture of the coins. *Id.*, ¶¶ 58–59.

- The gold coins were last seen under the control of Officers Cox, Erickson, Strnad, Cliff, Henry, Tippery and Does 5-10, each of whom have failed to provide a location for the missing gold coins. *Id.*, ¶ 60.

- Defendants either stole the gold coins or failed to intervene to prevent other officers from stealing the gold coins on July 20, 2021, following the search and lawful seizure of his residence, or later from the Prairie du Chien Police Department evidence locker. *Id.*, ¶ 62.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), the court will freely give leave to amend a pleading when justice so requires. But the court need not allow leave to amend if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

ANALYSIS

The parties dispute whether the amendment is brought in bad faith, unduly prejudicial, or futile. Because the court finds the proposed amendment to be futile, it must deny McElroy's leave to amend.

### 1. Bad faith and undue prejudice

The court first dispenses with the issues defendants raise concerning bad faith and undue prejudice, resolving them in McElroy's favor. This case has been stayed for nearly a year, *see* Dkt. 22, so there has been some necessary delay as the court considered defendants' motion to dismiss, Dkt. 8, and awaited the *Hadley* decision to resolve the question of whether McElroy's Fifth Amendment claim was viable. That delay is not entirely attributable to McElroy and there is no evidence of any dishonest, malicious, or tactical intent to deliberately cause delay or harass defendants. *See Foman*, 371 U.S. at 182 (identifying undue delay, bad faith or dilatory motive as reasons a court may deny leave to amend under Rule 15). Nor has the delay unduly prejudiced the defendants because neither party has initiated discovery, no disclosures have been exchanged, and no depositions or written discovery have been conducted in this matter. *See* Dkt. 22 at 2. As McElroy asserts, there are relatively few new factual allegations, all of which stem from the initial seizure of McElroy's property. And, reading the proposed amendment generously, the remaining changes in the proposed amendment appear to identify and clarify claims McElroy raised in his original complaint, so defendants have long had notice of the claims and underlying facts.

6

### 2. Futility

Even so, the court cannot grant McElroy's motion because the proposed amendment is futile, meaning that it would not withstand a motion to dismiss. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In other words, a plaintiff may not maintain a § 1983 claim in federal court when the plaintiff has adequate state law remedies available. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 383 (7th Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 542 (1981)).

Relevant here, Wisconsin law provides "tort remedies for property that is converted, damaged or destroyed by another." *Kramer v. Schmaling*, No. 25-CV-448-PP, 2025 WL 3012428, at *2 (E.D. Wis. Oct. 28, 2025) (citing *Neumann v. City of Franklin Police Dep't*, Case No. 24-cv-818-pp, 2024 WL 4678965, at *2 (E.D. Wis. Nov. 5, 2024); *Vollmer v. Green Bay City Police Dep't*, Case No. 18-cv-1629, 2018 WL 6067240, at *3 (E.D. Wis. Nov. 20, 2018)). Specifically, Wis. Stat. § 893.35 authorizes actions to recover personal property, Wis. Stat. § 893.51 actions for wrongful taking of personal property, and Wis. Stat. § 893.52 actions for damages for injury to property. Additionally, Wis. Stat. § 895.446 authorizes a civil action against a person who intentionally takes or retains another's property in violation of the criminal theft statute.

The gravamen of McElroy's proposed Fourteenth Amendment claims is that the officers deprived him of property. Specifically, that they stole his gold coins or failed to prevent the

theft.  Dkt. 37, ¶ 62.  Such claims fall squarely within the state remedies listed above.  McElory erroneously conflates the availability of adequate post-deprivation remedies with the likelihood of success in pursuing those remedies.  The standard is whether Wisconsin law provides an adequate opportunity to seek redress, not whether McElory will ultimately prevail.  Because McElory had adequate state law remedies available for these claims, they cannot be brought in this federal civil rights lawsuit.  *See Baker v. McCollan*, 443 U.S. 137, 146 (1979).

For these reasons, the court denies the motion for leave to amend.[3]

ORDER

IT IS ORDERED that:

1. Plaintiff Richard L. McElroy's motion to amend his complaint, Dkt. 35, is DENIED.

2. Defendants' motion to dismiss, Dkt. 8, is GRANTED and this lawsuit is DISMISSED.

Entered April 28, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

---

[3] Without any viable related federal claims, there would be no basis for this court's jurisdiction over such state-law claims in this case.  *See* 28 U.S.C. §§ 1331 (federal questions jurisdiction) & 1332 (diversity jurisdiction).